## ROBERTS v. MILLER.

In an action for libel, where M. published that R. was a defaulter, a mort-
gage executed by R. to the United States, and the record of foreclosure,
are admissible as evidence of R's indebtedness to the government.

Any action by Congress or the departments of government, subsequent to
the libellous publication not admissible as rebutting evidence.

### Error to Henry District Court.

*Opinion by* KINNEY, J.    This was an action on the case
to recover damages for the publication of a libel.    Roberts
in his declaration sets out that Miller on the 30th day of
July, 1844, published of, and concerning the plaintiff, the
following false, malicious and defamatory matter, to wit:
"Witness, that B. S. Roberts at present the leader of the
clique, a notorious public defaulter to a large amount, &c."

The defendant pleaded the general issue with special
pleas.    The cause was tried in Henry county upon change
of venue, and as the pleas were lost, the plaintiff agreed
that the defendant might file the plea of general issue
*nunc pro tunc*, and give in evidence anything which could
have been specially pleaded.    With this arrangement the
parties went to trial.    The plaintiff gave in evidence to
the jury the publication of the libel as described in the
declaration.

The defendant then offered in evidence:    1. A bill of
complaint, filed on the part of the United States for the
foreclosure of a deed of defeasance given by Roberts to
the government.

2. The deed of defeasance, whereby Roberts as late
lieutenant in the army of the United States, and assistant
commissary and acting assistant quarter master, mort-
gaged to the government certain "half breed lands," on
the 10th of April, 1839.

3. The answer of Roberts, which admitted the charges in
the bill.

Roberts v. Miller.

4. The transcript of a decree in the district court of Lee county, by which it appears that a decree upon the mortgage for $4699,12, was rendered in favor of the government against Roberts, and that the equity of redemption to the mortgaged property was foreclosed.

The defendant also offered in evidence, a deed from Roberts to Akin and others, dated 5th May, 1837, (prior to the execution of the mortgage,) conveying to them the premises described in the mortgage to the government.

This evidence was allowed by the court to be read to the jury; whereupon the plaintiff filed his first bill of exceptions.

The plaintiff then offered in evidence, certain documents emanating from the departments at Washington, including letters from distinguished individuals, recommending to the President the restoration of Roberts to the army. Among them is a report from the judiciary committee of the Senate and House of Representatives dated in 1845, reporting a bill for the relief of Roberts, and also asking for his restoration to his former rank in the army, as an act of justice. This report of the committee, is based upon the fact that at the time the specie circular of 1836, went into operation, Roberts as a disbursing officer, had a large amount of bank notes in his possession, upon a bank which suspended specie payment, and therefore they were unavailable funds. The committee say upon a thorough examination of all the circumstances in the case, they came to the conclusion that Mr. Roberts had been guilty of no acts impeaching his honor and integrity as an officer, and that his official acts aimed at the good of the service, and the faithful application of the public funds in his hands, &c. This report is signed by the committee and concurred in by senators Walker and Dix.

The plaintiff also offered in evidence, a document from the treasury department, purporting to be a settlement of the account of Roberts as lieutenant, &c., during the years 1836-7-8 and 9, in which Roberts is charged with $424,82, and credited with a like sum. All of these doc-

uments, report, certificates, letters, &c., were offered con-jointly and separately, but they were all excluded from the jury, which forms the basis for the plaintiff's second bill of exceptions.

A verdict was rendered in favor of the defendant, and the plaintiff in error assigns the ruling of the court per-mitting the evidence to go to the jury as set out in his first bill of exceptions, and the exclusion of the evidence offered by him in his second bill, for error.

We think the evidence offered by the defendant was properly admitted. By the latitude extended to him by the plaintiff, such evidence could not well be excluded from the consideration of the jury. Under a special plea, it would have been competent for the defendant to in-troduce evidence tending to show the defalcation, and thus justify the publication. The bill, answer, mortgage, and decree, were matters of public record, and these were at least *prima facie* evidence of the indebtedness to the government. They upon their face show that the indebt-edness accrued in a fiduciary capacity. The mortgage is given by Roberts as late lieutenant in the army, and assis-tant commissary and quarter master. The capacity in which Roberts stood indebted to the government fully ap-peared. This was notorious, it was of record, fully ad-mitted and confessed by the answer of Roberts. The deed to Akin and others was proper evidence, as the indebtedness might be presumed to be secured by the mortgage. But this shows that the land was not lia-ble to mortgage; Roberts having previously conveyed the same by deed to Akin; consequently at the time of the pub-lication as appeared from the records taken together, Rob-erts in his official character still appeared to be a govern-ment debtor to a large amount; therefore in this ruling of the court there is no error.

The plaintiff, as rebutting evidence, offered the report, letters and documents before referred to, none of which we think could have been permitted to be read to the jury. The report of the judiciary committee bears date in 1845,

subsequent to the date of the mortgage, the decree and the publication of Miller. Miller relies as a justification upon the public records of the county showing the deficit, and any action that Congress may have taken after the publication, could not be introduced as evidence to defeat a plea of justification predicated upon the record as showing a prior deficit or defalcation.

The document purporting to have been a settlement, includes the years '36-7-8 and 9. We cannot see how this can explain or rebut the presumption of defalcation, as made by Roberts' own confession in 1844, and which at the time the alleged libellous matter was published, was a matter of evidence against Roberts upon the record. The other documentary evidence offered, referred to in the bill of exceptions, does not require comment. It is not necessary to adduce reasons in support of a decision, the correctness of which cannot well be questioned.

Judgment affirmed,

*D. Rorer,* for plaintiff in error.

